IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL EDWARD VOYLES, #167958                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:13cv1051-LRA

SCOTT MARQUARDT, CEO OF
MANAGEMENT TRAINING CORPORATION, ET AL           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court *sua sponte* upon a review of the pleadings, as well as consideration of the sworn testimony given by Plaintiff Voyles at an omnibus or *Spears*[1] hearing conducted on July 17, 2014. Plaintiff was granted *in forma pauperis* [IFP] status by Order entered January 13, 2014 [12]. The Court conducted a *Spears* hearing in order to allow Voyles an opportunity to fully explain and augment the factual basis of his claims orally by giving sworn testimony regarding what he alleged in the written Complaint.

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's sworn Complaint contains the following claim and request for relief, quoted as follows:

Statement of Claim

"Denied Due Process": Due to facts of not being able to use legal law books in library. Defendant Unknown Roberts is involved due to fact of being in consentment [*sic*] with Administrative staff here at MTC by not allowing inmate to view law books in library. Warden Jerry Buscher & Deputy Warden Ray Rice are also in agreement with the withholding of

---

[1] The hearing was conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

> usage of law books in library. We the inmates at MTC do not even have a lawyer or counselor to assist in legal work or cases, which MTC has denied Petitioner Michael B. Voyles and all other inmates. Also our legal mail was and is being withheld through ILAP offices and all associated MTC staffs in consentment. [*sic*]
>
> <u>Relief</u>
>
> As a direct effect of violating inmates' rights, I ask that the proper relief to the fullest extent of this Court, to "rectify these violations." Provide us with what is guaranteed to us. I ask for an "Permanent Injunction" be placed on MTC as a whole and award the Petitioner Michael Voyles to the full extent together with all court cost allowed by law.

Plaintiff testified under oath at the omnibus hearing, amplifying the allegations of his Complaint. He explained his case against these Defendants as follows.

Plaintiff is incarcerated in the custody of the Mississippi Department of Corrections [MDOC] in the East Mississippi Correctional Facility ["EMCF"] in Meridian, Mississippi. He has been housed at EMCF since August 2011. According to Plaintiff, the facility had a librarian, Ms. Tew, but she has now left. Defendant Ms. Roberts replaced Ms. Tew temporarily, but she takes orders from Ms. McLeod. Plaintiff testified that he is now trying to prosecute four civil cases, but he gets no help from the library. He does not have a current criminal proceeding. Ms. Roberts will not let him use the books that are in the library; he wants to be able to go to the library and read these law books. Ms. Roberts told him he would have to write Ms. McLeod for permission to use the books. Plaintiff testified that he did not get to file his civil cases in this Court as soon as he could have because nobody would help him for at least three months after Ms. Tew left. His roommate helped him in filing the

Complaints. Plaintiff has not missed a specific deadline regarding any of his civil cases and he could not state facts showing how he was prejudiced by any delay in filing.

A district court may dismiss an IFP complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A *pro se* prisoner is entitled to develop his complaint factually before a proper frivolousness determination can be made. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). The purpose of a *Spears* hearing was to "bring into focus the factual and legal bases of prisoners' claims." *Id.* at 9 (quoting *Spears,* 766 F.2d at 181).

Plaintiff sued Defendant Rice because he denied Plaintiff's ARP. He sued Defendant Scott Marquardt because he is the CEO of Management Training Corporation. Plaintiff wrote him about this situation but Marquardt did not respond. Plaintiff admitted that Marquardt does not work at EMCF and is not involved with the prison library.

Neither Ms. Roberts or McLeod have been served with process. Plaintiff made an oral motion to dismiss Ms. Roberts, and defense counsel agreed to accept process on behalf of Ms. McLeod.

Prisoners clearly have a constitutionally protected right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996), citing *Bounds v. Smith*, 430 U.S. 817 (1977). This includes having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied,* 510 U.S. 1123 (1994). The right of access to the court

is limited to allow prisoners the opportunity to file nonfrivolous claims challenging their convictions or their conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access of the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999), citing *Lewis*, 518 U.S. 351-54.

Yet *Bounds* did not create an "abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351. A claim of access to the courts "is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). A prisoner must allege and show that he has suffered some cognizable legal prejudice or detriment as a result of the challenged conduct. *See Johnson v. Epps,* 479 Fed.Appx. 583, 592 (5th Cir. 2012) *citing Lewis v. Casey,* 518 U.S. at 351. Only then does the prisoner's claim become one of constitutional magnitude. *Walker v. Navarro County Jail,* 4 F.3d 410, 413 (5th Cir. 1993). To prove his claims, a plaintiff must show real detriment — a true denial of access–such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright,* 430 F.2d 241 (5th Cir. 1970).

In this case, Plaintiff has not set forth any real detriment by a slight delay in filing his civil complaints. He missed no deadlines, the delay was not lengthy, and he has shown no detriment to the cases he filed. Plaintiff could have filed his Complaint without any citations to the law by simply stating his claims. See *Watson v. Hughes*, Civ. Action No. 9:09cv172, 1010 WL 2696111 (E.D. Tex. July 4, 2010) (prisoner could have filed grievances without

4

including the policy cites and regulations; no prejudice).  His main concern is that he wished to use the books which were in the library, but he was not allowed to do so.  None of his civil cases were hindered by any action of these Defendants, and Plaintiff has not shown that he suffered an actual injury.

The undersigned, having carefully considered the complaint, as augmented by the sworn testimony of Plaintiff at the hearing, as well as the applicable law, finds that Voyles's claims have no basis either in law or in fact and, therefore, are frivolous[2] and fail to state a claim on which relief may be granted.  For these reasons, this action shall be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and(ii).  Final Judgment in favor of Defendants shall be entered.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice.  A separate Final Judgment in favor of Defendants shall be entered on this date.

IT IS SO ORDERED, this the 21st day of November 2014.

                                            s// Linda R. Anderson
                            UNITED STATES MAGISTRATE JUDGE

---

[2]"Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense.  *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).